## W. R. CANNING v. H. H. ANDREWS.

Decided February 4, 1905.

**1.—Homestead—Abandonment.**

Where A., after the death of his wife, married again and temporarily went to live with the second wife on her homestead until he could get her consent to remove to his own, having no intention to abandon his own homestead, it did not, by reason of such temporary removal, lose its homestead character.

**2.—Same—Two Homesteads—Husband's Right of Selection.**

The husband and wife did not have two homesteads, since the husband, being the head of the family, had the right to select its domicile, and the second wife's property did not remain a homestead after the marriage.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*Parker, Carlton & McCarty,* for appellant.—The separate property of the defendant's second wife upon which she resided at the time of her marriage with the defendant, was her homestead, and when, on her marriage with the defendant, she continues to reside thereupon with the defendant, said property continued to be the homestead, and the defendant could have no other. Fort v. Powell, 59 Texas, 321; Archbold v. Jacobs, 69 Texas, 248; Sanburn v. Deal, 3 Texas Civ. App., 388; Kais v. Gross, 1 Am. St. Rep., 767; Russell v. Nall, 2 Texas Civ. App., 60; Garrison v. Grant, 57 Texas, 603; Boehm v. Beutler, 16 Texas Civ. App., 380; Holliman v. Smith, 39 Texas, 357.

*Ben Palmer,* for appellee.—The husband has the right to select or designate the homestead from among several dwellings and upon his choice it becomes also the homestead of the wife whether she consents to it or not. Holliman v. Smith, 39 Texas, 362; Evans v. Daniel, 60 S. W. Rep., 1012; Brin v. Anderson, 60 S. W. Rep., 778.

SPEER, ASSOCIATE JUSTICE.—This suit was brought by the appellant Canning to foreclose a judgment lien upon property belonging to the appellee Andrews, and claimed by him as his homestead. A trial was had before the district judge which resulted in a judgment in favor of appellee, refusing to foreclose the lien upon the ground that the property was homestead. With reference to this issue, upon sufficient evidence, the court found that on February 14, 1893, appellee and his then wife made a homestead designation of the property in controversy, and that this was filed for record in the county clerk's office upon April 3, 1893;

that at this time he and his wife resided upon and used the property as a homestead. That they continued to reside upon and to use the same for that purpose until some time in the year 1900, at which time the appellee's wife died. That appellee and his children continued to reside upon said property as his homestead from the date of the death of his wife until the latter part of 1901, when he married a second wife who had a homestead of her own in the town of Dublin within about three-quarters of a mile of appellee's homestead. That upon marrying his second wife appellee temporarily left his homestead and went over to stay with her on her homestead, but that his intention was at the time he went over there and left his homestead, to return to his home and make it his permanent homestead. That he owns no other real property at this time. That his present wife has been averse to residing upon his homestead, and he has been entreating her and remonstrating with her to live with him and to occupy his said homestead. Further, that he has recently made improvements upon the property preparatory to occupying it, and that at no time since he left the same has he intended to abandon it as his homestead, but that he has always intended to return, and has always claimed the same as his homestead.

There is little or no controversy as to the facts in the case. The principal contention of appellant is that since the appellee's second wife, at the time of their marriage, was occupying property which had constituted her homestead for a number of years, and was then her homestead, and since appellee, instead of continuing to reside upon his own property, left it and went to reside with his wife upon her property, that necessarily the homestead of the wife became the homestead of the family, and the former homestead of appellee was therefore subject to appellant's lien. It is argued that there can not be two homesteads, one for the wife and another for the husband at the same time. This is true, but the vice in appellant's argument lies in his assumption that the homestead of the present Mrs. Andrews continued to be her homestead after her marriage to appellee. This does not at all follow from the facts of this case. The husband, being the head of the family, had the right to select its domicile. The property in controversy at the time of appellee's marriage was his homestead. It continues to be such until he has abandoned it. A temporary renting, or leaving, for any purpose whatsoever, will not amount to an abandonment. There seems to be no controversy as to the fact that appellee intended at all times to maintain his homestead upon his own property, but had not carried his wife there for the reason that he had been unable to secure her consent to the removal. If such was his intention, having actually acquired no other homestead in the meantime, the property remained his homestead, and was such at the date of the trial of this suit. This case is not analogous to those cases which hold that mere intention, unaccompanied by use or any acts of preparation looking to an immediate use, will not impress property with the homestead character. Here the property in question was an actual homestead, and the burden was upon appellant to show an abandonment of the same. Without, therefore, finding it necessary to review the questions presented by appellee's cross assignment, the judgment is in all things affirmed.

*Affirmed.*